**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1666-17T4

LAKESIDE ESTATES
CONDOMINIUM
ASSOCIATION,

      Plaintiff-Respondent,

v.

ROCHELLE GIMMILLARO,

      Defendant-Appellant.

_____

Submitted December 10, 2018 – Decided December 21, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. DC-000827-17.

Rochelle Gimmillaro, appellant pro se.[1]

Eric S. Kershenblatt, attorney for respondent.

---

[1] In her merits brief, Rochelle Gimmillaro listed herself erroneously in her caption as a plaintiff, and Lakeside Estates Condo Association, Inc., as a defendant.

PER CURIAM

In this Special Civil Part book account case, involving a dispute over defendant's obligation to pay maintenance or condominium fees, defendant appeals from an October 10, 2017 order denying her motion for reconsideration of summary judgment that the judge had improvidently entered in favor of plaintiff on September 18, 2017. We reverse the order denying reconsideration and vacate summary judgment because there exists genuine issues of material fact as to the amount that defendant owes, and we remand for further proceedings to resolve the factual disputes.

Defendant entered into a payment plan before plaintiff previously obtained default judgment. She learned that plaintiff obtained default judgment when plaintiff levied on her bank account. Defendant vacated default judgment and lifted the levy, and maintained that she adhered to and even made payments before they became due. Plaintiff disagreed and filed its motion for summary judgment.

Although defendant filed an opposition to plaintiff's motion, the judge granted the motion as unopposed. Defendant filed a motion for reconsideration and provided the opposition that the judge had not considered. On

reconsideration, the judge concluded defendant "failed to allege sufficient good cause" and denied reconsideration.

On appeal, defendant argues primarily that there exists genuine issues of material fact that preclude summary judgment. Defendant acknowledges that she agreed to pay plaintiff, but disputes the amount due. She is not contending that she is entitled to an offset for monies that she had prepaid under the agreement. Rather, defendant certified that plaintiff committed bookkeeping errors upon receipt of those payments, which led to unnecessary late fees and legal fees. She contends the judge abused his discretion by denying reconsideration, maintains that summary judgment was inappropriate, and urges us to remand for further proceedings.

A motion for reconsideration is committed to the sound discretion of the court, which should be "exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate only when a court has rendered a decision "based upon a palpably incorrect or irrational basis," or failed to consider or "appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401). We review the denial of a motion for reconsideration to determine whether the judge

abused his discretionary authority. Id. at 389. We "may only disturb the decision below if [we] find[] error which is 'clearly capable of producing an unjust result.'" Casino Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (quoting R. 2:10-2).

We conclude the judge abused his discretion by denying reconsideration. Here, he denied the motion concluding that defendant failed to show "good cause," but such a showing does not govern motions for reconsideration. Rather, we reach our conclusion because the judge's statement of reasons denying the motion reflects that he did not properly consider the opposition that defendant had filed in response to plaintiff's motion for summary judgment. Instead, he explained that reconsideration motions are inappropriate "to bring up arguments or facts known to the movant prior to entry of the decision being challenged," and that such motions are unjustified if a litigant is displeased by the earlier decision. That said, defendant certainly showed "good cause" to grant reconsideration, especially because the judge did not originally consider the opposition. Consequently, the judge should have reconsidered the soundness of his summary judgment order, which we will do now.

When reviewing an order granting summary judgment, we apply "the same standard governing the trial court . . . ." Oyola v. Xing Lan Liu, 431 N.J.

A-1666-17T4

Super. 493, 497 (App. Div. 2013). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We owe no special deference to the motion judge's conclusions on issues of law. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). We therefore consider the facts in a light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Having done so, the record reflect numerous factual disputes.

In her summary judgment opposition, defendant outlined accounting discrepancies. She identified several payments marked as late, but that she claims were timely paid. For example, in November 2015, defendant's payment was marked as "prior balance" and subsequent late charges were applied. In 2016, plaintiff again applied late charges even though defendant claims to have made timely payments. And in 2016 and 2017, defendant made several payments on time but they had to be forwarded to a new management company. Moreover, she listed a number of association fees and dues that plaintiff allegedly "mismarked." For example, in February and March 2014, plaintiff recorded the payments as "prepaid" and "prior balance" respectively. For the years 2015, 2016, and 2017, plaintiff's ledger reflects defendant's payments as

"prior balance," and "legal." Finally, defendant produced her own ledger showing invoices, charges billed, and payments between March 2012 and April 2015.

We therefore reverse the orders and remand for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1666-17T4